UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 15-8171 AB (Ex) | Date: April 27, 2016 |

Title: *Jason Giesy v. Robert Capps; Central States Recovery*

Present: The Honorable ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Granting Defendants' Motion to Dismiss [14]

Pending before the Court is Defendants Robert Capps and Central States Recovery's Motion to Dismiss. (Dkt. No. 14.) Defendants bring their motion under Federal Rules of Civil Procedure Rule 12(b)(2) for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff has filed neither an opposition to the motion nor an amended complaint. Fed. R. Civ. P. 15(a); C.D. Cal. L.R. 7-9, 7-12. This matter was appropriate for decision without oral argument of counsel. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court previously vacated the hearing set for April 25, 2016 and took this matter under submission. (Dkt. No. 21.) For the following reasons, the motion is **GRANTED**, and Plaintiff's action is **DISMISSED**.

I. BACKGROUND

a. Factual Background

Plaintiff Jason Giesy is a citizen of the state of California and a consumer obligated or allegedly obligated to pay a debt under 15 U.S.C. Section 1692(a)(3). (Dkt. No. 1, Complaint ("Compl."), at 1.)

Defendant Central States Recovery is a debt collector incorporated in the state of Kansas with its principle place of business in Hutchinson, Kansas. (Compl., at 1.) Defendant Robert Capps does not appear in the body of the Complaint but is identified in Exhibit C to the Complaint as the CEO/President of Central States Recovery. (Compl., Exh. C, at 1.)

The Complaint alleges the following: On June 10, 2015, Plaintiff learned that Defendants had placed an entry on Plaintiff's credit report indicating that Plaintiff was in default on debts owed to seven creditors. (Compl., at 2.) Because Defendants were not the original creditors of the debts listed, Plaintiff formally requested that Defendants validate the debts by completing a "Debt Collector Disclosure Statement," which Plaintiff provided. (Compl., at 2–3.) Defendants did not respond to Plaintiff's request and instead continued attempts to collect on the listed debts. (Compl., at 3.)

Plaintiff advances six causes of action against Defendants under the Fair Debt Collections Practices Act, 15 U.S.C. Section 1692, seeking statutory damages and court costs. (Compl., at 3–12.)

### b. Procedural Background

Plaintiff filed his Complaint on October 19, 2015, and Defendants moved to dismiss on March 24, 2016. (Dkt. Nos. 1, 14.) On April 11, 2016, Defendants filed a response in support of their motion indicating that Plaintiff has served them with a "Motion of Dismissal" and intends to refile his complaint in a different jurisdiction. (Dkt. No. 20, at 2.) Plaintiff has made no filings in response to Defendants' motion, and the Court is unaware of any intent on Plaintiff's part to voluntarily dismiss the action. Accordingly, the Court now considers Defendants' motion to dismiss for lack of personal jurisdiction.

## II. LEGAL STANDARD

### a. Rule 12(b)(2) Standard[1]

Federal Rules of Civil Procedure Rule 12(b)(2) provides that a defendant may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.

---

[1] In exercising personal jurisdiction over non-resident defendants, California courts need only consider federal due process requirements because California's jurisdictional statute is coextensive with federal law. Cal. Civ. Proc. Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1286 (9th Cir. 1977).

2008).  The standard clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), ensures that "mere bare bones assertions . . . or legal conclusions unsupported by specific factual allegations will not support a plaintiff's pleading burden" to establish jurisdiction once it is challenged.  *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012), *rev'd on other grounds*, 134 S. Ct. 1115 (2014).  For personal jurisdiction to lie, federal due process requires that non-resident defendants possess "certain minimum contacts with [the forum state] such that [maintaining] the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted).  Thus, due process protects non-resident defendants by limiting the fora in which they may be sued to those where suit would be reasonably foreseeable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Depending on the extent of a non-resident defendant's contacts, the forum state may exercise either general or specific personal jurisdiction over it.  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).  The plaintiff may establish general jurisdiction by alleging that the defendant conducts "substantial" or "continuous and systematic" activity in the forum and therefore should be subject to the forum's jurisdiction in all matters.  *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).  Alternately, the plaintiff may establish specific jurisdiction by alleging that the defendant's specific activity in the forum gives rise to the forum's jurisdiction over actions arising out of that activity.  *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997).  In either case, where there has been no formal discovery or evidentiary hearing, a prima facie showing of general or specific personal jurisdiction is sufficient to meet the plaintiff's burden of proof that maintaining the action will not violate a non-resident defendant's right to due process.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

### b. Local Rules

The Ninth Circuit holds that a court may dismiss an action based on a party's failure to comply with the court's Local Rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  The Local Rules of the Central District of California require that, when a motion is filed and set for hearing, the opposing party must file its opposition no later than twenty-one days prior to the hearing date.  C.D. Cal. L.R. 7-9.  A plaintiff's failure to oppose a motion to dismiss "may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.

## III. ANALYSIS

The Court is faced with two issues in this action.  The Court will first address Defendants' April 11 request that the Court dismiss Plaintiff's action.  The Court will then discuss Defendants' Motion in light of Plaintiff's failure to timely respond.  For the

foregoing reasons, Defendants' Motion is **GRANTED**.

### a. Defendants' April 11 Request To Dismiss The Action Based On Plaintiff's Purported "Motion of Dismissal"

On April 11, 2016, Defendants filed a Reply in support of the motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(2). (Dkt. No. 20.) In this Reply, Defendants informed the Court that Plaintiff had served Defendants with a "Motion of Dismissal" and intended to dismiss the instant action in order to refile it in some unidentified jurisdiction. (Dkt. No. 20, at 1.) Without proffering any evidence or declaration to support their representation of events, Defendants requested that this Court summarily dismiss the litigation that is pending against them. (Dkt. No. 20, at 1.)

Under Federal Rules of Civil Procedure Rule 41, a plaintiff who wishes to dismiss his case does so not by serving some as yet unproduced "motion of dismissal" on defense counsel but by filing with the Court either a notice of dismissal or a stipulation signed by each of the parties. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). To date, the Court has received no such notice or stipulation. Therefore, the Court **DENIES** Defendant's request and declines to dismiss Plaintiff's action on those grounds.

### b. Plaintiff's Failure to Respond to Defendants' Motion to Dismiss

While Plaintiff is not represented by counsel, his decision to proceed *pro se* does not exempt him from compliance with the applicable rules of civil procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Defendants' Motion to Dismiss is set for hearing on April 25, 2016. (Dkt. No. 14.) Dismissal is warranted because Plaintiff has failed to timely respond to Defendants' Motion under both the Central District's Local Rules as well as the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 15(a)(1)–(2); *Ghazali*, 46 F.3d at 53.

The Local Rules provide that Plaintiff must file an opposition to Defendant's motion no later than twenty-one days prior to the hearing date for which the motion is noticed. C.D. Cal. L.R. 7-9. Applying Local Rule 7-9 to Defendants' noticed hearing date of April 25, 2016, Plaintiff's opposition was due to be filed on April 4, 2016. *See* C.D. Cal. L.R. 7-9. To date, no opposition has been filed. Therefore, Plaintiff is in clear violation of the Local Rules and, under Local Rule 7-12, the Court may deem this failure to respond as consent to dismissal of his action. C.D. Cal. L.R. 7-12.

But the Court cannot dismiss an action under a Local Rule where Plaintiff may still timely act under the Federal Rules of Civil Procedure. *Ramirez v. Cty. of San Bernardino*,

806 F.3d 1002, 1008 (9th Cir. 2015) (holding that a local rule cannot trump a governing federal rule).   Here, while the Local Rules require Plaintiff to file his opposition twenty-one days prior to the hearing date, the Federal Rules allow Plaintiff, in the alternative, to amend his complaint, thereby rendering the defendant's motion moot. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 927–28 (9th Cir. 2012).   Plaintiff might have amended his complaint as a matter of right twenty-one days after service of Defendants' Motion to Dismiss.   Fed. R. Civ. P. 15(a)(1).   Thereafter, Plaintiff might amend his complaint with either written consent from Defendants' or leave of the Court.   Fed. R. Civ. P. 15(a)(2).

But here, Plaintiff has not availed himself of this procedural cure.   His opportunity to amend the complaint as a matter of right expired on April 18, 2016, and there is no indication that Plaintiff will seek Defendants' consent or the Court's leave to amend at some later date.   *See* Fed. R. Civ. P. 15(a)(1)–(2).   Accordingly, there is nothing that can mitigate Plaintiff's clear violation of Local Rule 7-9, and the Court is free to dismiss Plaintiff's action under Local Rule 7-12.

In his Complaint, Plaintiff seeks relief for violations of the Fair Debt Collections Practices Act, 15 U.S.C. Section 1692.   (Compl., at 3–12.)   Defendants' Motion to Dismiss attacks the Complaint on the basis of jurisdiction.   (Dkt. No. 14-1, Mot.) Defendants aver that they are domiciled in Kansas, where they were served, and that they do not consent to this Court's exercise of jurisdiction.   (Mot., at 2.)   As to general personal jurisdiction, Defendants claim that jurisdiction cannot lie because they do not have substantial or continuous and systematic contacts with California.   (Mot., at 4.)   As to specific personal jurisdiction, Defendants claim that jurisdiction cannot lie because none of the acts of which Plaintiff complains occurred in California.   (Mot., at 5.)

While Defendants challenge is admittedly bare bones, without the benefit of discovery or an opposition filing by the Plaintiff, the Court cannot make any reasonable inquiry into the validity of Defendants' jurisdictional defenses.   Therefore, the Court must construe Plaintiff's failure to oppose the motion to dismiss as a concession that the Court indeed lacks personal jurisdiction over Defendants.   C.D. Cal. L.R. 7-12.

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion is **GRANTED**, and Plaintiff's action is **DISMISSED**.

The June 20, 2016, Scheduling Conference is hereby vacated.
**IT IS SO ORDERED.**